**Frederick J. CALATRELLO, etc., Petitioner,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL UNION 880, AFL–CIO, Respondent.**

No. C88–1039.

United States District Court, N.D. Ohio, E.D.

May 27, 1988.

---

Charles Z. Adamson, N.L.R.B., Cleveland, Ohio, for petitioner.

Mark A. Rock, Cleveland, Ohio, for respondent.

## MEMORANDUM OF OPINION RE: DENIAL OF PETITION FOR INJUNCTION

KRENZLER, District Judge.

The petitioner, Frederick J. Calatrello, Regional Director for Region 8 of the National Labor Relations Board ("NLRB"), filed the instant petition seeking an injunction pursuant to § 10(*l*) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(*l*), to enjoin picketing by the respondent, United Food and Commercial Workers Local Union 880, AFL–CIO, CLC ("Union"). The NLRB alleges that picketing conducted by the Union constitutes an unfair labor practice within the meaning of 29 U.S.C. § 158(b)(7)(C) and, consequently, should be enjoined.

The matter came on for a show cause hearing as to why an injunction should not be issued to enjoin the challenged conduct. Each party has submitted briefs in support of their respective positions.

The NLRB alleges that the Union was engaged in picketing at the Wholesale Club, Inc.'s ("Wholesale") Eastlake, Ohio, facility and has distributed handbills for over thirty days without filing a petition pursuant to 29 U.S.C. § 159(c). The Union also asked an individual entering Wholesale to not shop there. The individual was an employee of Wholesale who did return to work, rather than remain outside with the picketers. The following statement was contained in one of the handbills:

> PLEASE DON'T SPEND YOUR HARD EARNED DOLLARS AT THE WHOLESALE CLUB UNTIL IT HAS A CONTRACT WITH UFCW LOCAL 880, AFL–CIO, CLC

Additionally, on April 9, 1988, the Union requested a list of names from Wholesale which the NLRB contends will be used to recruit employees as union members. The NLRB alleges that these actions constitute an unfair labor practice under § 158(b)(7)(C) and, consequently, should be enjoined.

The issue in the present action is the application of the second proviso of § 158(b)(7)(C). Section 158(b) reads, in pertinent part:

> (b) It shall be an unfair labor practice for a labor organization or its agents—

> . . . . .

> (7) to picket or cause to be picketed, or threaten to picket or cause to be picketed, any employer where an object thereof is forcing or requiring an employer to recognize or bargain with a labor organization as the representative of his employees, or forcing or requiring the employees of an employer to accept or select such labor organization as their collective bargaining representative, unless such labor organization is currently certified as the representative of such employees:

> (A) where the employer has lawfully recognized in accordance with this subchapter any other labor organization and a question concerning representation may not appropriately be raised under section 159(c) of this title,

> (B) where within the preceding twelve months a valid election under section 159(c) of this title has been conducted, or

(C) where such picketing has been conducted without a petition under section 159(c) of this title being filed within a reasonable period of time not to exceed thirty days from the commencement of such picketing: *PROVIDED*, That when such a petition has been filed the Board shall forthwith, without regard to the provisions of section 159(c)(1) of this title or the absence of a showing of a substantial interest on the part of the labor organization, direct an election in such unit as the Board finds to be appropriate and shall certify the results thereof: *PROVIDED FURTHER*, that nothing in this subparagraph (C) shall be construed to prohibit any picketing or other publicity for the purpose of truthfully advising the public (including consumers) that an employer does not employ members of, or have a contract with, a labor organization, unless an effect of such picketing is to induce any individual employed by any other person in the course of his employment, not to pick up, deliver or transport any goods or not to perform any services.

The NLRB contends that the Union's picketing constitutes an unfair labor practice under § 158(b)(7)(C) because the Union's purpose in engaging in these activities is the organization of Wholesale's employees into a labor union and the recognition of the Union as the employees' bargaining representative. The NLRB argues that although the purpose of the Union's picketing may be to truthfully advise the public that Wholesale does not have a contract with a union, any recognitional or organizational object of the Union renders the picketing an unfair labor practice under § 158(b)(7)(C). According to the NLRB, only that picketing which has exclusively an informational purpose is permissible under the second proviso. If picketing has a dual purpose of both recognition and information, the recognitional objective taints the picketing and it will be declared unlawful.

The Union, on the other hand, argues that its actions are lawful and do not constitute an unfair labor practice under § 158(b)(7)(C). The Union contends that the second proviso exempts informational picketing from the general ban on recognitional picketing. According to the Union, picketing is lawful, even if it has a recognitional or organizational objective, if it is designed to truthfully inform the public that the employer does not have a contract with the Union and does not disrupt the employer's business. Although recognitional picketing is generally prohibited, it is not so prohibited when it has an informational purpose so as to bring it within the protections of the second proviso.

The structure and language of § 158(b)(7) are clear. Section 158(b)(7) sets forth a general ban on recognitional or organizational picketing where the Union is not yet a certified representative of the employees in three situations set forth in §§ 158(b)(7)(A), (B), and (C). Thus, recognitional picketing is banned when an employer has recognized a different labor organization, § 158(b)(7)(A), where a valid § 159(c) election has occurred within the past year, § 158(b)(7)(B) and, finally, where no § 159(c) petition has been filed within thirty days from the commencement of the picketing, § 158(b)(7)(C). However, under subparagraph (C) there are two provisos requiring that if a petition is filed an election shall be held and that subparagraph (C) shall not prohibit picketing for the purpose of informing the public that an employer does not have a contract with the Union unless such picketing causes an interference with services rendered to the employer. Thus, under the explicit language of the statute, recognitional picketing will not be prohibited if it has the purpose of truthfully informing the public that the employer does not recognize a union and it does not induce disruption to the employer's business through the failure of others to render services to the business.

■ Reading § 158(b)(7)(C) as a whole, it is clear that informational picketing shall be permissible even if it is also performed with a recognitional or organizational objective as long as the picketing does not interfere with the rendering of services to the employer by outside employees. *Smitley v. N.L.R.B.*, 327 F.2d 351, 354–55 (9th

Cir.1964); *Baldovin v. International Alliance of Theatrical Stage Employees*, 570 F.Supp. 1314 (S.D.Tex.1983). To construe the statute, as the NLRB argues, that only picketing performed for the exclusive purpose of informing the public is protected, renders the second proviso meaningless for, unless the picketing is recognitional in nature and is performed without the filing of a petition, § 158(b)(7)(C) is not triggered and, thus, the second proviso would never apply.

Further, the realities of labor relations weigh against such an interpretation of the statute. Labor organizations, by their very nature, seek to organize employees and to achieve recognition of such labor organizations as a bargaining union. *Smitley*, 327 F.2d at 353. In effect, § 158(b)(7) divides picketing into two categories. The statute prohibits "signal" picketing, i.e., that which is designed to appeal to members of other labor organizations to exert economic pressure on the employer by means of interfering with the operations of his business. Whereas, the statute permits "publicity" picketing, i.e., that which is designed to inform the public the employer has not recognized a union and to appeal to consumers to reduce patronage of the employer on that basis.

> The union may legitimately have a long range or strategic objective of getting the employer to bargain with or recognize the union and still the picketing may be permissible. This proviso gives the union freedom to appeal to the unorganized public for spontaneous popular pressure upon an employer; it is intended, however, to exclude the invocation of pressure by organized labor groups or members of unions, as such.

*N.L.R.B. v. Local 3, International Brotherhood of Electrical Workers*, 317 F.2d 193, 198 (2d Cir.1963). The statute condones appeals to the public to exert pressure on the employer to recognize the union but prohibits an appeal to other unions to exert economic pressure. *Id.* at 199; *Baldovin*, 570 F.Supp. at 1318.

■ Having concluded that § 158(b)(7)(C) does not prohibit recognition-

al picketing which also has an informational purpose, the Court must next determine the character of the picketing at hand. The only language provided by the NLRB is the following statement:

> PLEASE DON'T SPEND YOUR HARD EARNED UNION DOLLARS AT THE WHOLESALE CLUB UNTIL IT HAS A CONTRACT WITH UFCW LOCAL 880, AFL–CIO

The Court concludes that this language is aimed at the public to inform them that Wholesale does not have a contract with the Union. It is not aimed at employees of other labor organizations to interfere with Wholesale's business and thereby exert group economic pressure. Further, the Court concludes that the activities of the Union are not designed to induce any outside employees to stop rendering services to Wholesale. Therefore, the Union's activities are covered by the second proviso to § 158(b)(7)(C) and are protected despite a recognitional or organizational objective.

In an action under § 10(*l*) of the NLRA, 29 U.S.C. § 160(*l*), the district court's role is to determine whether there is reasonable cause to believe that the NLRA is being violated. The district court's role does not include a determination as to whether a violation has in fact occurred. *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir.1987). In the present case, the Court concludes that there is not reasonable cause to believe that the Union has engaged in an unfair labor practice under § 158(b)(7)(C). This holding is based upon the Court's conclusion that the Union's picketing, although perhaps recognitional or organizational, is permissible because it is designed to truthfully inform the public that Wholesale does not have a contract with the Union and because it does not induce members of other labor organizations to stop providing services to Wholesale.

Accordingly, the NLRB's petition for an injunction under § 10(*l*) of the NLRA, 29 U.S.C. § 160(*l*), shall be denied.